UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13196-GAO

MARY CELESTE HOLMES,
Plaintiff,

v.

JENNIFER M. GARVEY and ALFRED TRINH, in their individual capacities,
and the MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,
Defendants.

ORDER
January 27, 2017

O'TOOLE, D.J.

After consideration of the submissions and arguments of the parties, the Motion to Dismiss by defendant Massachusetts Bay Transportation Authority ("MTBA") (dkt. no. 49) is DENIED as to both its Rule 12(b)(6) and Eleventh Amendment immunity arguments.

With respect to Rule 12(b)(6), I am satisfied after review that the plaintiff's allegations are sufficient to make out a plausible claim of § 1983 liability against the MBTA consistent with the applicable legal standard. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

With respect to the Eleventh Amendment issue, it appears undisputed that the MBTA was not entitled to immunity as an "arm of the state" prior to 2009. Although the MBTA has pointed to various changes regarding its structure and governance in 2009, 2012, and 2015, applying the two-step analysis set forth in Grajales v. Puerto Rico Ports Authority, 831 F.3d 11 (1st Cir. 2016), and Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico & Caribbean Cardiovascular Center Corp., 322 F.3d 56 (1st Cir. 2003), I am not persuaded that those changes were sufficient in kind or degree now to qualify it as an arm of the Commonwealth. Significantly,

the MBTA's enabling statute continues to describe it as "a body politic and corporate, and a political subdivision of the commonwealth." Mass. Gen. Laws ch. 161A, § 2; see also Mass. Gen. Laws ch. 6C, § 1 (defining Department of Transportation as a "state agenc[y]" but defining the MBTA and others as "[i]ndependent agencies"). The MBTA has the authority to hold, sell, or lease property; enter into agreements; accept gifts, grants, and loans; sell or lease advertising space; charge passenger fares; and issue bonds that have no guarantee from the Commonwealth. See, e.g., Mass. Gen. Laws ch. 161A, §§ 2, 3, 5, 13. It also has the power "to sue and be sued . . . and to prosecute and defend all actions relating to its property and affairs." Id. § 2. It is statutorily liable for its debts and obligations. Id. § 2. Although recent legislative changes have given more control over the operations of the MBTA to state officials, including the Governor through the temporary Fiscal and Management Control Board and the board of directors of the Department of Transportation, in light of provisions cited above that have not been changed, I am not persuaded that the recent legislative actions have had the effect of converting the MBTA from an independent "body politic and corporate, and a political subdivision of the commonwealth" into an arm of the Commonwealth. See Grajales, 831 F.3d at 17–18; Fresenius, 322 F.3d at 65, 68. Furthermore, those changes do not appear to have the effect of making the Commonwealth legally or practically liable for any judgment against the MBTA in this action so as to permit the MBTA to claim the Commonwealth's immunity. See Grajales, 831 F.3d at 18; Fresenius, 322 F.3d at 65, 68.

Finally, the plaintiff's Motion to Amend the Complaint (dkt. no. 57) is GRANTED. Although I overrule the MBTA's objections based on the Local Rules and on purported delay and bad faith, I do not reach the issue of the sufficiency of the added claim. Whether the plaintiff states

2

a claim against Stephen A. Salisbury is best raised, if at all, directly by Salisbury in an appropriate motion after the amended complaint is filed and Salisbury is appropriately served.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge